Case 4:20-cv-01941   Document 18   Filed on 02/11/22 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
February 11, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL SIMON, <br> TDCJ # 01681798, <br><br> Plaintiff, <br><br> VS. <br><br> WARDEN TOWNSEND, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. 4:20-1941 |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Simon, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and *in forma pauperis* in this civil rights action. Simon alleges that the conditions of his confinement during the COVID-19 pandemic violate his constitutional rights. Defendants have filed a motion for summary judgment (Dkt. 17) seeking dismissal of all remaining claims. Simon has not responded, and the time to respond has expired. Having considered the pleadings, the motion and briefing, the applicable authorities, and all matters of record, the Court determines that summary judgment should be granted for the reasons explained below. Additionally, the Court will grant Defendants' motion to seal (Dkt. 16) documents containing Simon's private medical information.

## I.     BACKGROUND

Simon filed this lawsuit when confined at the Jester 3 Unit.[1] He brings claims against Warden Townsend and Warden Frederick at the Jester 3 Unit; Edgar Hulipas, M.D. medical director for the Jester 3 Unit; and Bobby Lumpkin, director of TDCJ. As set out in the Court's prior opinion (Dkt. 12), Simon's complaint and more definite statement allege that Defendants failed to implement necessary preventative measures during the COVID-19 pandemic, including prompt lockdowns, social distancing for staff and inmates, alleviation of crowding, separation of infected inmates from non-infected inmates, suspension of inmate movement within and between units, and use of masks. He states that he contracted COVID-19 and had symptoms for approximately three weeks, from April 30 through May 19, 2020, including aches, diarrhea, cough, severe fatigue, and fever. He alleges that Defendants failed to provide him with adequate exercise during the pandemic, leading to lost muscle tone; that his meals are nutritionally deficient and do not meet the minimum requirement of 2,200 calories per day, causing him to lose weight; and that medical personnel at the unit refused to provide medications or otherwise treat his fever and other symptoms of COVID-19. *See* Dkt. 1, at 3-4; Dkt. 7, at 2-5; Dkt. 11, at 2. He seeks damages and injunctive relief.

---

[1]     TDCJ's public online records reflect that Simon currently is assigned to the Beto Unit. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/start.action (last visited Feb. 10, 2022). Simon has not updated his address with the Court as previously instructed. *See* Dkt. 8, at 3.

Defendants seek summary judgment and present Simon's food records (Dkt. 17-1), grievance records (Dkt. 17-2; Dkt. 17-3), medical records (Dkt. 17-4), and medication compliance records (Dkt. 17-5; Dkt. 17-6). They also present an affidavit from Glenda M. Adams, M.D., M.P.S., a physician consultant with UTMB Correctional Managed Care, who reviewed Simon's medical records and pleadings (Dkt. 17-7). Dr. Adams provides a summary of Simon's medical requests and care from April through June 2020 (*id*. at 4-7). She avers that "there is no medical record evidence to support Mr. Simon's claim to the Court that he was 'very ill' with COVID-19 symptoms" and that Simon never tested positive for COVID-19 (*id*. at 4). She also details TDCJ's lockdown procedures and other precautionary measures taken during the COVID-19 pandemic and avers that Simon was not denied access to necessary medical care during lockdown; that lockdown procedures addressed his other concerns regarding mail, grievances, showers, and recreation; and that his medical records do not reflect weight loss or complaints from Simon about lack of exercise or lost muscle tone (*id*. at 11-14).

Defendants argue that all of Simon's claims are moot because the lockdown conditions described in his complaint ended on August 15, 2020 (Dkt. 17, at 11). *See* Dkt. 17-10, at 60 (affidavit from John Werner, a Deputy Division Director for TDCJ, states that the Jester 3 Unit's precautionary lockdown for COVID-19 was in effect from May 4 through August 15, 2020). They also argue that his claims must be dismissed because Simon failed to exhaust his administrative remedies before filing suit. Finally, they argue

that they are immune from suit under the doctrine of qualified immunity and that Simon's claims fail on the merits. Simon has not responded to the summary judgment motion.

## II. STANDARDS OF REVIEW

### A. Summary Judgment—Rule 56

The defendants have moved for summary judgment. Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Id*. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*. The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (cleaned up).

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up). However, the non-movant cannot avoid

summary judgment simply by presenting "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Likewise, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. Evidence not referred to in the response to the motion for summary judgment is not properly before the court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

### B. *Pro Se* Filings

In reviewing the pleadings, the court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid

legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Although the plaintiff is proceeding *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court. *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 & n.9 (5th Cir. 2016); *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general willingness to construe pro se filings liberally, we still require *pro se* parties to fundamentally abide by the rules that govern the federal courts. *Pro se* litigants must properly . . . present summary judgment evidence") (cleaned up).

### III.  ANALYSIS

#### A.  Mootness

Defendants argue that Simon's claims are moot because he complains about precautionary lockdown conditions at the Jester 3 Unit that are no longer in effect. Article III, Section 2 of the Constitution limits the jurisdiction of federal courts to "cases" or "controversies." *See Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 71 (2013). To establish Article III standing, a plaintiff must demonstrate an injury that is (1) "concrete, particularized, and actual or imminent"; (2) "fairly traceable to the challenged action"; and (3) "redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409

(2013) (cleaned up); *see Friends of the Earth, Inc. v. Laidlaw Env. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Because injunctive or declaratory relief is not available to remedy any past wrong, a plaintiff seeking such relief can satisfy the standing requirements "only by demonstrating a continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 720-21 (5th Cir. 2019).

Mootness is a threshold issue that is essential to the constitutional case-or-controversy requirement and therefore to this court's subject matter jurisdiction. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 424-25 (5th Cir. 2013); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). The mootness doctrine "requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Id.* When intervening circumstances "render the court no longer capable of providing meaningful relief to the plaintiff," mootness applies. *Ctr. for Biological Diversity*, 704 F.3d at 425.

In this case, Defendants present evidence that the COVID-19 precautionary lockdown at the Jester 3 Unit ended on August 15, 2020 (Dkt. 17-10, at 60). Simon filed this suit in June 2020 and complains of events in March through June. He has not responded to the motion and does not present any evidence or argument that the controversy between the parties remains live. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Pagoaga-Castro v. Pierson*, 790 F. App'x 652 (5th Cir. 2020). Therefore, his claims for injunctive relief will be dismissed as moot.

### B. <u>Exhaustion</u>

Simon brings his civil-rights claims under 42 U.S.C. § 1983. Defendants seek dismissal of all of Simon's claims because he failed to exhaust available administrative remedies.

Under the Prisoner Litigation Reform Act ("PLRA"), inmates bringing an action regarding prison conditions under 42 U.S.C. § 1983 or other federal law must first exhaust all administrative remedies "as are available." 42 U.S.C. § 1997e(a). *See Ross v. Blake*, 136 S. Ct. 1850 (2016); *Jones v. Bock*, 549 U.S. 199 (2007). The TDCJ has a two-step formal grievance process and an inmate must pursue a grievance through both steps for the claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The grievance process must be completed before a federal complaint is filed, and "[i]t is irrelevant whether exhaustion is achieved during the federal proceeding." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204.

The exhaustion requirement is mandatory and strictly enforced. *Moussazadeh v. Texas Dep't of Criminal Justice*, 703 F.3d 781, 789-90 (5th Cir. 2012), *as corrected* (Feb. 20, 2013); *Dillon*, 596 F.3d at 268. The PLRA does not allow a district court to make a "special circumstances" exception to the exhaustion provision, so as to permit a prisoner "to pursue litigation even when they have failed to exhaust available administrative remedies." *Ross*, 136 S. Ct. at 1855; *see Gonzalez*, 702 F.3d at 788 ("District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process

before filing their complaint"). Rather, the only exception is "that statute's built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Ross*, 136 S. Ct. at 1855. The Fifth Circuit has held that TDCJ's grievance procedure generally is "available" to inmates during the COVID-19 pandemic. *Valentine v. Collier*, 978 F.3d 154, 161-62 (5th Cir. 2020).

In this case, as set out in the Court's prior opinion, Simon filed suit on June 1, 2020. He claimed in his pleadings that, before he filed suit, he filed three grievances in April and May complaining of the absence of COVID-19 prevention and sanitation. He also alleged that officials at the Jester 3 Unit hid, delayed, or destroyed grievances, stating that he had written four grievances that went unanswered and that he could provide affidavits to support his allegations. *See* Dkt. 12, at 9 (citing record).

On summary judgment, Defendants have submitted Simon's grievance records from January 1 through July 27, 2020, accompanied by a business records affidavit (Dkt. 17-2; Dkt. 17-3). The submission contains two grievance in which COVID-19 conditions are discussed: Grievance No. 2020131589, which Simon signed on June 2, 2020 (Dkt. 17-2, at 9-10); and Grievance No. 2020142919, which he signed on June 27, 2020 (*id*. at 3-4). Both were submitted after Simon filed this lawsuit, and therefore cannot fulfill the exhaustion requirement. *See Gonzalez*, 702 F.3d at 788. Additionally, the record contains no evidence that Simon appealed either grievance.[2]

---

[2] In March 2020, Simon submitted Grievance No. 2020098998 and Grievance No. 2020101662, but neither grievance was related to COVID-19 conditions. *See* Dkt. 17-2, at 19-20, 34; Dkt. 17-3, at 1. On March 17, 2019, he submitted Grievance 2019094696 complaining of

Because the grievance process is mandatory and the Court lacks discretion to waive the requirement, the court must dismiss Simon's claims unless he demonstrates that TDCJ's grievance process not "available" under 42 U.S.C. § 1997e(a). *See Ross*, 136 S. Ct. at 1856-57; *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015); *Brantner v. Freestone Cty. Sheriffs Office*, 776 F. App'x 829, 833 (5th Cir. 2019). Simon has not responded to the summary judgment motion and does not demonstrate a genuine issue of material fact regarding the availability of the grievance process. *See Jones*, 678 F.3d at 348; *Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012) ("conclusory assertions and production of an unprocessed Step-2 form . . . failed to create a genuine dispute as to his exhaustion of this grievance"). Therefore, his claims must be dismissed for lack of exhaustion. Summary judgment will be granted for the defendants.

### C. Other Grounds for Summary Judgment

Because all of Simon's claims have been dismissed on grounds of mootness or exhaustion, the Court need not address Defendants' arguments regarding qualified immunity and the merits of Simon's Eighth Amendment claims.

### IV. CONCLUSION

For the reasons stated above the Court **ORDERS** as follows:

1. Defendant's motion to seal (Dkt. 16) is **GRANTED**.

---

inadequate recreation, which is one of his claims in this suit, but the complaint was unrelated to COVID-19 since it predated the pandemic by nearly a year. *See id.* at 9-12.

2. Defendants' motion for summary judgment (Dkt. 17) is **GRANTED**. His claims for injunctive relief are **DISMISSED** as moot. All other claims are **DISMISSED without prejudice** for failure to exhaust available administrative remedies.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____February 11_____, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE